NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0023n.06

Case No. 22-5274

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Jan 11, 2023 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| WILLIAM HILL, JR., | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

---

Before: SILER, BATCHELDER, and KETHLEDGE, Circuit Judges.

SILER, Circuit Judge. William Hill appeals his conviction and sentence for conspiring to possess with the intent to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and possessing with the intent to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). According to Hill, his conviction is invalid because the district court wrongly denied his motion to suppress on Fourth Amendment standing grounds, and his sentence is unreasonable because the district court wrongly applied an enhancement for maintaining a premises for the purpose of distributing drugs under USSG § 2D1.1(b)(12). We affirm.

I

The undisputed facts show the following. In 2018, Hill's friend, James Sneed, checked into a hotel room with his girlfriend, Haley Sweat. Hotel staff began receiving complaints of the smell of marijuana and heavy foot traffic to and from the room.

The next day Hill and his girlfriend, Daphne Cook, arrived from Texas and stayed with Sneed and Sweat in their hotel room. Hill made the trip so Sneed could connect him with a drug buyer. The morning after Hill arrived, Sneed and Sweat left the hotel, although they intended to return. After Sneed and Sweat left, Cook went to the front desk, walking unsteadily and spilling things. She said she was Sweat and paid for another night. Hotel staff, recognizing that Cook was not Sweat, informed the manager, who called the police. Officers arrived at the hotel and asked if the staff wanted to evict the room's occupants, which they did. Under the hotel's policies, unregistered guests and smoking were prohibited, and the hotel staff could evict people who violated these policies or otherwise broke the law.

The officers accompanied hotel staff to the room and could smell marijuana from the door. The housekeeper knocked and received no response. She opened the door and said "housekeeping" but received no answer. From the door, she could hear water running. As the housekeeper entered the room, she could identify the shower running and saw a meth pipe on the bed. At that point, she left the room and told the officers what she had seen.

The officers then entered the room and found Hill and Cook in the bathroom. En route to the bathroom, they saw the glass pipe with residue on the bed and money and marijuana in an unlocked safe. The officers exited the room while a colleague applied for a warrant. The officers executed the warrant and seized small amounts of marijuana, cocaine, heroin, and pills; over 400 grams of meth; baggies, scales, cutting agent, and the pipe; and $2,530 in cash.

The government charged Hill with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Hill moved to suppress the evidence

from the hotel room.[1] He argued that the officers violated the Fourth Amendment by entering the hotel room without first obtaining consent or a warrant. The district court denied the motion because Hill did not have standing as an unregistered guest. It did not address whether there was a Fourth Amendment violation. Hill was convicted on both charges.

During sentencing, the district court applied a two-point enhancement under USSG § 2D1.1(b)(12) because Hill maintained a hotel room for the purpose of storing and distributing meth. It overruled Hill's objection because Hill remained in the room after Sneed and Sweat left, controlled access to the room, opened the door to the room to housekeeping to discuss room issues, and purchased a safe for the room. Plus, the district court noted the amount of foot traffic to and from the room and the smell of marijuana coming from it. It concluded that Hill maintained the room "primarily, or . . . to a significant degree, for the purpose of distributing a controlled substance." The district court calculated Hill's Guidelines range as 262 to 327 months imprisonment and sentenced him to 272 months imprisonment on each count to run concurrently.

II

Hill raises two issues on appeal. He argues that his conviction is invalid because the district court improperly allowed evidence that was fruit of the poisonous tree under the Fourth Amendment. He also argues that his sentence was improperly calculated because the court incorrectly applied the enhancement under § 2D1.1(b)(12). Hill is not entitled to relief on either issue.

---

[1]Hill also moved to suppress a post-arrest statement he made to police pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). On appeal, Hill argues that this statement should have been suppressed but fails to cite any authority or explain how the statement violated *Miranda*. Moreover, the government argues in response that the issue is moot because it did not introduce the statement at trial, and Hill makes no reply. For these reasons, Hill waived the issue. *See, e.g.*, *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997).

A

Courts generally require a warrant before searching or seizing persons or property but will excuse the requirement if a valid exception to the warrant requirement exists. *United States v. Allen*, 106 F.3d 695, 698–99 (6th Cir. 1997). Hill argues that the officers violated the Fourth Amendment by entering the hotel room and conducting a protective sweep without first obtaining a warrant.[2] Thus, he says, the evidence seized from the second search, even though supported by a warrant, was inadmissible fruit of the poisonous tree, and the district court erred by denying his motion to suppress it.

When considering suppression orders, we review the district court's legal conclusions de novo and can affirm a suppression motion's denial on any basis supported by the record. *United States v. Gill*, 685 F.3d 606, 609 (6th Cir. 2012). To prevail, Hill must show his Fourth Amendment rights were violated. *See, e.g.*, *Rakas v. Illinois*, 439 U.S. 128, 131 n.1 (1978). But where the government conducts a search without a warrant, it bears the burden of showing a warrant exception applies. *United States v. Killibrew*, 560 F.2d 729, 733 (6th Cir. 1977). Here, the government argues that the officers' warrantless entry into and protective sweep of the hotel room was justified by exigent circumstances. We agree.

Exigent circumstances excuse the warrant requirement in certain situations when immediate police action is needed, including when there is the danger of lost evidence. *United States v. Haddix*, 239 F.3d 766, 767 (6th Cir. 2001). Here, the government argues the entry was justified based on the danger of lost evidence, which means it must show that the officers had "a

---

[2] Hill also challenges the district court's legal conclusion that Hill lacked standing under the Fourth Amendment. However, even if Hill could show he had standing as the unregistered and unauthorized guest of a person who had already vacated the hotel, the entry and protective sweep were justified under exigent circumstances. We thus decline to address standing here.

reasonable belief that third parties [were] inside" and that "loss or destruction of evidence [was] imminent." *United States v. Straughter*, 950 F.2d 1223, 1230 (6th Cir. 1991). Hill concedes that the officers had a reasonable belief that people were inside the hotel room. As for the destruction of evidence, the officers could hear running water from the bathroom, knew a meth pipe was in the room, and could smell marijuana coming from the door. Because a common method of drug disposal is flushing it down a toilet or drain, the officers had an objectively reasonable basis to think that the destruction of evidence was not just possible, but, in fact occurring while they were standing in the hallway. As we have said, the need for exigent circumstances can "be particularly compelling where narcotics are involved, for narcotics can be easily and quickly destroyed while a search is progressing." *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1511 (6th Cir. 1988). So it is here.

When the officers entered the hotel room, they conducted what amounts to a protective sweep to check for weapons, secure the drug evidence, and locate Hill and Cook. Because the entry was focused on securing evidence and ensuring officer safety, the "warrantless entry was limited in scope and proportionate to the exigency excusing the warrant requirement." *Id.* at 1513. Once the area was secured, the officers then waited outside while another officer secured a warrant. *See United States v. Taylor*, 248 F.3d 506, 513 (6th Cir. 2001) ("[B]ecause evidence may be removed or destroyed before a warrant can be obtained, an officer does not violate the Fourth Amendment by securing the area to be searched and waiting until a warrant is obtained." (citing *Segura v. United States*, 468 U.S. 796, 810 (1984))). For these reasons, the officers conducted both the initial entry and protective sweep under a valid warrant exception.

B

In addition to challenging his conviction, Hill argues his sentence is unreasonable. During sentencing, the district court applied an enhancement under § 2D1.1(b)(12). The § 2D1.1(b)(12) enhancement adds two levels to a defendant's total-offense level when "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." Hill argues that the district court misapplied the enhancement and miscalculated his Guideline range. Thus, he asks us to review the procedural reasonableness of his sentence, which we review for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (explaining that procedural sentencing errors include improperly calculating the Guidelines range or assigning a sentence on clearly erroneous findings). In determining whether the district court abused its discretion in applying the § 2D1.1(b)(12) enhancement, we have applied both de novo and clear error review. *See United States v. Bell*, 766 F.3d 634, 636 (6th Cir. 2014) (citing cases). Here, under either standard, Hill's challenge fails.

A district court can apply § 2D1.1(b)(12) when the government shows by a preponderance of the evidence that a defendant "(1) knowingly (2) open[ed] or maintain[ed] any place (3) for the purpose of manufacturing or distributing a controlled substance." *United States v. Johnson*, 737 F.3d 444, 447 (6th Cir. 2013) (citation omitted). Hill seems to challenge the second element by arguing that the district court erred because he did not hold a possessory interest in or exercise control over the hotel room sufficient to show that he opened or maintained it. But Hill possessed the hotel room for a few days. He slept, bathed, hung out with friends, and stored his clothes, drugs, safe, and cash in the room. And he controlled who entered the room and refused to admit hotel staff.

That Hill was not a registered guest with a legal right to possess the room, *see United States v. Lanier*, 636 F.3d 228, 232 (6th Cir. 2011) (explaining that a hotel guest has a limited right to

occupy a room during the pre-agreed rental period), has no bearing here. Maintaining a premises can be done illegally, e.g., actual possession can occur without a corresponding right to possession, while still triggering the enhancement. To hold otherwise would mean that a defendant could run a drug operation in an abandoned house without triggering the enhancement so long as he was not the house's lawful owner. We have said: "Where a defendant lives in the [premises], this element is normally easily proved," even if the defendant does not "lease or own" the property. *United States v. Russell*, 595 F.3d 633, 644 (6th Cir. 2010). For these reasons, Hill has failed to show the district court abused its discretion by applying the enhancement. Thus, Hill's challenge to the procedural reasonableness of his sentences fails.

**AFFIRMED.**